# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DEREK GRONQUIST, | No. 49392-6-II |
| Appellant, | |
| RICHARD KING and RICHARD JACKSON, individually and representing a class of similarly situated individuals, | |
| Plaintiffs | |
| v. | |
| DEPARTMENT OF CORRECTIONS OF THE STATE OF WASHINGTON and KING COUNTY PROSECUTOR DANIEL SATTERBURG, | UNPUBLISHED OPINION |
| Respondents. | |
| CHASE RIVELAND and JANET BARBOUR, in their official capacities; the INDETERMINATE SENTENCING REVIEW BOARD; and KEN EIKENBERRY, in his official capacity as Attorney General of the State of Washington, | |
| Defendants. | |

MELNICK, J. — Derek Gronquist was convicted in 1988 of two felony sex offenses. He entered the Sexual Offender Treatment Program (SOTP).

In 1993 a permanent injunction issued precluding the release of SOTP records, including Gronquist's. Before a court vacated the injunction in January 2016, Gronquist moved for a finding of contempt against the Department of Corrections (DOC) and the King County Prosecutor (KCP).

He alleged they violated the injunction. After vacating the injunction, the trial court denied Gronquist's contempt motion on mootness grounds.

Because the trial court could have awarded Gronquist compensation for any losses, costs, and attorney fees associated with DOC's and KCP's contemptuous acts, the trial court erred. We reverse.

FACTS

In 1991, some convicted sex offenders who had participated in the SOTP brought a class action lawsuit against DOC to enjoin the release of their SOTP files. *See King v. Riveland*, 125 Wn.2d 500, 502-04, 886 P.2d 160 (1994). The SOTP files included extensive information about the individual's psychological evaluations, treatment progress, answers to tests, DOC evaluation results, staff notes on therapy sessions, relapse prevention plans, and other documents. *King*, 125 Wn.2d at 503. The case resulted in a permanent injunction (*King* injunction) prohibiting DOC from releasing any documents from any class member's SOTP file.

After being convicted of two sex offenses in 1988, Gronquist entered the SOTP program. Although not a named party in *King*, Gronquist fell within the class of persons protected by the *King* injunction.

II.    CURRENT LITIGATION

In July 2015, Gronquist intervened in the 1991 case that resulted in the *King* injunction. He alleged that DOC violated the *King* injunction by sharing his SOTP file with KCP. Gronquist filed a motion for an order to show cause why DOC and KCP should not be held in contempt.[1]

---

[1] KCP was not a party to the litigation at this time. After Gronquist filed his motion, KCP intervened as a defendant in the case.

Gronquist alleged that DOC had forwarded KCP his entire SOTP file in February 2013 when KCP planned to initiate civil commitment proceedings against Gronquist.[2]

KCP moved to vacate or modify the *King* injunction as to Gronquist because of law changes since the Supreme Court had upheld the injunction in 1995. DOC joined this motion.

On January 14, 2016, the trial court entered a written order vacating the injunction as to Gronquist. The court noted that the law had "changed significantly since this injunction was entered" and that changes to SVP statutes "unequivocally require[] disclosure to the prosecuting attorney of all records, including complete SOTP files, in connection with Sexually Violent Predator proceedings." Clerk's Papers (CP) at 594 (citing RCW 71.09.025). The court concluded that the vacation of the injunction as to Gronquist, would "not directly affect the current contempt action." CP at 595. It clarified that its decision was "prospective only, and [did] not resolve allegations of contempt in the past." CP at 595.

After the injunction had been vacated and this court declined review, DOC provided KCP with Gronquist's complete SOTP file.

DOC and KCP argued that Gronquist's motion for contempt was moot because DOC was no longer prohibited from releasing the SOTP file. They claimed that, because the purpose of civil contempt was to coerce parties to obey court orders, no remaining remedy existed because KCP

---

[2] Whether DOC and KCP violated the *King* injunction is an issue the trial court will need to resolve on remand. It did not reach this issue because it dismissed Gronquist's contempt motion as moot.

now lawfully possessed the SOTP file. They argued that any remedy would be punitive, which would require criminal contempt charges and new proceedings initiated by a prosecutor. The trial court agreed and denied Gronquist's motion for contempt as moot. Gronquist appeals.[3]

ANALYSIS

I.     STANDARDS OF REVIEW

We review a trial court's decision on a contempt of court motion for abuse of discretion. *Weiss v. Lonnquist*, 173 Wn. App. 344, 363, 293 P.3d 1264 (2013). However, "[a] court's authority to impose sanctions for contempt is a question of law, which we review de novo." *In re Interest of Silva*, 166 Wn.2d 133, 140, 206 P.3d 1240 (2009). Mootness is also a question of law reviewed de novo. *Robbins v. Legacy Health Sys., Inc.*, 177 Wn. App. 299, 308, 311 P.3d 96 (2013).

This case involves the denial of a motion for civil contempt based on mootness. It involves the court's authority to provide effective relief to Gronquist based on DOC's and KCP's alleged contempt. The court's authority to impose sanctions is a legal question that we review de novo.

II.     LEGAL PRINCIPLES

Contempt of court includes the "[d]isobedience of any lawful judgment, decree, order, or process of the court." RCW 7.21.010(1)(b).

> Whenever it shall appear to any court granting a restraining order or an order of injunction . . . that any person has willfully disobeyed the order after notice thereof, such court shall award an attachment for contempt against the party charged, or an order to show cause why it should not issue.

RCW 7.40.150.

---

[3] Gronquist filed a notice of appeal in which he sought review of four trial court orders. A commissioner of this court subsequently dismissed Gronquist's appeal as to one of those orders and Gronquist has not briefed issues relating to two others. Therefore, we address only Gronquist's appeal of the order denying his contempt motion on mootness grounds.

Contempt is "'neither wholly civil nor altogether criminal,'" such that "a defendant may be 'punished' even in a civil contempt proceeding if the purpose is to compensate the complainant." *In re Rapid Settlements, Ltd.*, 189 Wn. App. 584, 608, 359 P.3d 823 (2015) (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441, 31 S. Ct. 492, 55 L. Ed. 797 (1911)). There are differences between civil and criminal contempt.

> "It is not the fact of punishment but rather its character and purpose that often serve to distinguish between the two classes of cases. If it is for civil contempt *the punishment is remedial, and for the benefit of the complainant.* But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court. It is true that punishment by imprisonment may be remedial, as well as punitive, *and many civil contempt proceedings have resulted not only in the imposition of a fine, payable to the complainant*, but also in committing the defendant to prison."

*Rapid Settlements*, 189 Wn. App. at 608 (quoting *Gompers*, 221 U.S. at 441-42). Because the current case concerns civil contempt, Gronquist must show that the trial court had some remedial sanction available.

A remedial sanction is "a sanction imposed for the purpose of coercing performance when the contempt consists of the omission or refusal to perform an act that is yet in the person's power to perform." RCW 7.21.010(3). Remedial sanctions are "sometimes referred to as coercive" because their goal "is to coerce a party to comply with a court order." *State v. Sims*, 1 Wn. App. 2d 472, 479, 406 P.3d 649 (2017), *review granted*, 190 Wn.2d 1012 (2018). "A remedial sanction must contain a purge clause or it loses its coercive character and becomes punitive." *Sims*, 1 Wn. App. 2d at 479.

RCW 7.21.030(2) provides that a court may find a person in contempt and impose a remedial sanction only upon a "person [who] has failed or refused to perform an act that is yet within the person's power to perform." However, "a court may find a person in contempt whether or not it is possible to coerce future compliance." *Rapid Settlements*, 189 Wn. App. at 601. In

such a case, the court may "order a contemnor to pay losses suffered as a result of the contempt and costs incurred in the contempt proceedings for any 'person found in contempt of court' without regard to whether it is possible to craft a coercive sanction." *Rapid Settlements*, 189 Wn. App. at 601 (quoting RCW 7.21.030(3)).

> Remedial sanctions for contempt of court include:
>
> (a) Imprisonment . . . so long as it serves a coercive purpose.
> (b) A forfeiture not to exceed two thousand dollars for each day the contempt of court continues.
> (c) An order designed to ensure compliance with a prior order of the court.
> (d) Any other remedial sanction other than the sanctions specified in (a) through (c) of this subsection if the court expressly finds that those sanctions would be ineffectual to terminate a continuing contempt of court.

RCW 7.21.030(2). The court may also, in addition to the "remedial sanctions" listed above, "order a person found in contempt of court to pay a party for any losses suffered by the party as a result of the contempt and any costs incurred in connection with the contempt proceeding, including reasonable attorney's fees." RCW 7.21.030(3).

"To determine whether sanctions are punitive or remedial, the courts look not to the 'stated purposes of a contempt sanction,' but whether it has a coercive effect—whether 'the contemnor is able to purge the contempt and obtain his release by committing an affirmative act.'" *Silva*, 166 Wn.2d at 141-42 (internal quotation marks omitted) (quoting *In re Dependency of A.K.*, 162 Wn.2d 632, 646, 174 P.3d 11 (2007)).

III.    MOOTNESS

Gronquist contends that the trial court erred by denying his contempt motion on the basis of mootness. He contends that his contempt motion was not moot because the trial court could

have required DOC and KCP to compensate him "for his injuries, costs, and attorney fees."[4] Br. of Appellant at 27. We agree.

"A case is moot if a court can no longer provide effective relief." *SEIU Healthcare 775NW v. Gregoire*, 168 Wn.2d 593, 602, 229 P.3d 774 (2010). The general rule is that moot cases should be dismissed. *State v. Cruz*, 189 Wn.2d 588, 597, 404 P.3d 70 (2017). "'The central question of all mootness problems is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.'" *City of Sequim v. Malkasian*, 157 Wn.2d 251, 259, 138 P.3d 943 (2006) (quoting 13A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3533.3, at 261 (2d ed. 1984)).

RCW 7.21.030(3) provides:

> The court may, in addition to[5] the remedial sanctions set forth in subsection (2) of this section, order a person found in contempt of court to pay a party for any losses suffered by the party as a result of the contempt and any costs incurred in connection with the contempt proceeding, including reasonable attorney's fees.

This provision "allows the court to order a contemnor to pay losses suffered as a result of the contempt and costs incurred in the contempt proceedings for any 'person found in contempt of court' without regard to whether it is possible to craft a coercive sanction." *Rapid Settlements*, 189 Wn. App. at 601 (quoting RCW 7.21.030(3)). As a result of this statute, "a defendant may be

---

[4] Gronquist also suggests several other types of relief that prevent his motion from being moot. Because we agree that the trial court, if it found DOC and KCP in contempt, could order them to compensate Gronquist for his injuries, costs, and attorney fees attributable to their contemptuous conduct, we do not reach Gronquist's additional suggested remedies. We also do not reach Gronquist's judicial estoppel argument.

[5] DOC contends that this "in addition to" language implies that a court may only order a contemnor to pay losses, costs, and attorney fees if it *additionally* orders one of the remedial sanctions laid out in RCW 7.21.030(2). This argument is inconsistent with *Rapid Settlements*, discussed below.

'punished' even in a civil contempt proceeding if the purpose is to compensate the complainant." *Rapid Settlements*, 189 Wn. App. at 608.

"Compensatory fines have been imposed in Washington contempt proceedings to address many types of loss and damage caused by a party's contumacious acts." *Rapid Settlements*, 189 Wn. App. at 610. In *Rapid Settlements*, the court awarded attorney fees and costs incurred in the contempt proceedings, losses incurred as a result of the contemptuous conduct, and a onetime $1,000 sanction. 189 Wn. App. at 606, 610-11. The court analyzed what specific losses, costs, and fees, were actually attributable to the contemptuous conduct, but it never questioned its own authority to award the portions that were caused by the contempt. *Rapid Settlements*, 189 Wn. App. at 606-12.

DOC distinguishes *Rapid Settlements* on the ground that the party awarded costs and fees in that case also sustained "losses," distinct from costs, and fees, which the court awarded. Br. of DOC at 22. It claims that, unlike the movant in *Rapid Settlements*, Gronquist has not shown any economic losses distinct from his costs and attorney fees.[6]

The issue of mootness is about whether the court is able to provide effective relief. DOC's and KCP's arguments that Gronquist has not shown any losses do not go to mootness but to whether he can show damages. A court has authority to order DOC and KCP to compensate Gronquist for any losses he suffered as a result of their alleged contempt. The trial court denied Gronquist's motion for contempt as moot without reaching the issue of whether contempt actually occurred or whether Gronquist suffered any losses as a result. If Gronquist can prove DOC and

---

[6] DOC also relies on *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623 (9th Cir. 2016), for the proposition that "coercive contempt proceedings are moot when the order or injunction alleged to have been violated expires or is otherwise no longer in effect." Br. of DOC at 20. *Shell Offshore* specifically distinguished purely coercive contempt orders from those concerning compensatory damages to the movant, such as those alleged in this case. 815 F.3d at 630.

8

KCP are in contempt, then he can recover losses that he proves resulted from the disclosure of his SOTP file. The court can award him compensatory relief. Therefore, Gronquist's motion for contempt is not moot.

We reverse the trial court's order denying Gronquist's motion for contempt as moot and remand for the court to rule on the contempt motion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Worswick, P.J.

_____
Sutton, J.